bona fide claim of title to the property in question. It is the claim of title by the "witness," supported by the facts shown upon an examination, which requires the dismissal of the proceeding, and not the allegations in the answer made by the "person cited."

Executors and administrators are charged with the duty of getting possession of all the assets properly belonging to the estate of the deceased, and become personally liable if they fail to make all reasonable effort to that end. When they apply to the court for its assistance in performing the duty, the discretion of the surrogate should be exercised liberally in allowing them the most full and free examination into the facts regarding the claim of possession or title set up by a person alleged to have possession of property which the executors or administrators might reasonably expect to have come to them as assets of the estate. In the absence of the consent of the claimant to try the title to the property in Surrogate's Court, the result of the examination may not be the recovery of the property; but it will be a disclosure of the facts regarding such claim of title, which enables the executor or administrator to act intelligently in performing his duty of deciding whether or not to subject the estate to the expense of an action at law to recover the same.

Let the examination be had.

Application granted.

---

(53 Misc. Rep. 244.)

### In re WEAVER'S ESTATE.

(Surrogate's Court, New York County. January, 1907.)

1. EXECUTORS AND ADMINISTRATORS—ALLOWANCE TO WIDOW.
    An executor paid to the widow $400 for mourning apparel and sustenance, and $150 under Code Civ. Proc. § 2713, subd. 5. *Held*, that a payment of $300 in lieu of articles specified in subdivisions 3 and 4 of such section will be disallowed.

2. LIFE ESTATES—INCOME.
    Copartnership articles provided that the firm should continue for 60 days after the death of any partner. A partner, who contributed no capital and who had no capital account on the books, but who was allowed interest on his seat in a stock exchange, died. *Held*, that the profits of the firm during the 60 days after his death passed to his widow, as the life beneficiary of his residuary estate, as income, and not principal.

In the matter of the judicial settlement of the executor of George J. Weaver, deceased. Decree rendered.

Under the will of the testator all his residuary estate was left in trust, the income to go to his wife for life, with provision for the distribution of the principal after her death. The executor paid to the widow sums aggregating $850, as follows:

| | |
|---|---:|
| Mourning apparel | $200 |
| Widow's sustenance | 200 |
| In lieu of articles mentioned in section 2713, subd. 3, Code of Civil Procedure | 150 |
| Subdivision 4 | 150 |
| Subdivision 5 | 150 |

These payments were objected to by the trustee and the special guardian, although it was admitted that, if any payments for these items were proper, the amounts were not excessive. At his death the testator was the owner of

a seat in the New York Stock Exchange and was a member of a stock exchange firm. The decedent contributed no capital to the firm and had no capital account on the books of the firm. He was allowed interest on his seat at a fixed valuation. Under the articles of copartnership the firm was to continue for 60 days after the death of any partner. The firm so continued after the death of the testator, and the profits of the firm during this period, to which decedent would have been entitled, if living, amounted to $5,569.75, part of which the executor paid to the widow. The question was raised by objections to the account as to whether this sum should go to the widow as income or to the trustee as capital.

Charles Henry Phelps, in pro. per.
John P. East, for executor.
Grattan Colvin, for widow.
Junius Pendleton Wilson, special guardian, for infant.

THOMAS, S. Out of the $850 paid by the executor for the use of the widow he will be credited $550, and the sum of $150 in lieu of articles specified in subdivision 3, and $150 in lieu of articles specified in subdivision 4, respectively, of section 2713, Code of Civil Procedure, will be disallowed. The amount received from decedent's firm, pursuant to the articles of copartnership, as the share of profits due to the decedent, will be treated as income, and not as principal, and payments thereout already made by the executor will be sustained, and the balance of the income will be, by the decree to be entered, directed to be paid over to the trustee and by him paid to the widow as income. Tax costs and settle decree on notice.

Decreed accordingly.

---

(53 Misc. Rep. 168.)

### In re GAMBER'S WILL.

#### (Surrogate's Court, Kings County. February, 1907.)

WILLS—EXECUTION—VALIDITY.

Testatrix, when about to sign a paper, stated that it was intended to be her will, and requested the witnesses to sign as such before she actually affixed her signature, but immediately thereupon signed her name and passed the paper over to the witnesses, who then signed. *Held* a sufficient declaration and request.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, §§ 306, 307.]

In the matter of the probate of the last will of Justina Gamber. Decree admitting the will to probate.

Kramer, Cohn & Burby, for proponent.
James C. Cropsey, for contestant.

CHURCH, S. It appears here that the statement of the deceased that the paper offered for probate was intended to be her last will and testament and her request to the witnesses to sign it as such were made before she signed the instrument, and that upon the witnesses assenting to her request, and without further conversation on the subject, she signed the paper and passed it over to them for their signature as witnesses. From all the circumstances in the case it is apparent that the matter was practically completed at one transaction, and