EUGENE KADE, Appellant, *v.* SANITARY FIREPROOFING AND CONTRACTING COMPANY, Respondent.

(Argued May 11, 1931; decided May 19, 1931.)

*Earl H. Gale* and *Julian A. Ronan* for motion.

*Frank H. Hiscock, Carroll B. Low* and *Henry Hoelljes* opposed.

*Per Curiam.* Plaintiff brought this action as one partner of a firm consisting of himself and William Geraerdts against the corporation defendant and Geraerdts to obtain an accounting for the value of the partnership property which plaintiff claims that defendant, aided by Geraerdts, converted to its own use. The existence of the partnership was denied. Geraerdts died and the action was continued against the corporation alone. Final judgment was rendered for $151,969 against the defendant, after an interlocutory judgment adjudging that the partnership existed.

On appeal to the Appellate Division the judgments were reversed and a new trial granted. Findings of fact as to the existence of the partnership were reversed

as being against the weight of evidence and based upon incompetent testimony. Then came this provision: " It is further ordered and directed that the legal representatives of the estate of William Geraerdts, deceased, be brought in as necessary parties to this action."

The plaintiff did not desire to bring in the legal representatives of the estate of William Geraerdts, deceased, and took no steps to do so. He moved at Special Term for an order requiring the defendant to apply for final judgment, dismissing the complaint herein " for failure of the plaintiff to comply with the direction in the order herein of the Appellate Division, Second Judicial Department, dated June 21st, 1929, that the legal representatives of the Estate of William Geraerdts, deceased, be brought in as necessary parties to this action."

This order was granted and final judgment " not on the merits " was entered in conformity with the order.

An appeal was then taken to this court from such judgment. The notice of appeal says: " that the plaintiff-appellant intends to bring up for review on said appeal the said order of the Appellate Division of the Supreme Court, and the judgment of reversal entered thereon in the office of the Clerk of Kings County, on or about December 16, 1928, and the order of the Supreme Court, Kings County, dated August 27, 1930, and entered in said Clerk's office on or about August 28, 1930, which granted the defendant's motion for an order dismissing the complaint herein, and each and every part of said order and judgment."

This is the appeal which the respondent moves to dismiss. The motion must be denied. We are not concerned with the part of the order of the Appellate Division granting a new trial. In substance that court ordered the complaint dismissed unless the parties which it held were necessary parties were brought in. It was only after they were brought in that the new trial was to proceed.

Plaintiff has seen fit to have the complaint dismissed

rather than bring in the new parties. (*Redman* v. *Verplex Art Co.*, 237 N. Y. 475, 478.) He is a party aggrieved by the dismissal of his complaint. (*Lahens* v. *Fielden*, 3 Abb. Ct. of App. Dec. 1.) The judgment appealed from is final. On the reversal of the interlocutory judgment in the Appellate Division and the dismissal of the complaint at Special Term, he may appeal directly to this court. (Civ. Prac. Act, § 590.) On such appeal the question of law as to necessary parties may alone be considered. If the decision here is favorable to appellant his complaint should not have been dismissed. The question of new trial may await further action in this case, as it is not now before us.

Motion denied, with ten dollars costs and necessary printing disbursements.