EUGENE KADE, Appellant, *v.* SANITARY FIREPROOFING AND CONTRACTING COMPANY, Respondent.

(Argued June 11, 1931; decided July 15, 1931.)

*Frank H. Hiscock, Carroll B. Law* and *Henry Hoelljes* for appellant. The appeal brings up for review the complete determination of the Appellate Division on its reversal of the interlocutory judgment so far as such determination involves questions of law. (*Gambold v. MacLean*, 254 N. Y. 357; *Pharis v. Gere*, 112 N. Y. 408; *Albring v. N. Y. C. & H. R. R. R. Co.*, 174 N. Y. 179; *Sultzbach v. Sultzbach*, 238 N. Y. 353; *Johnson v. Hudson River R. R. Co.*, 49 N. Y. 455; *Newell Universal Mill Co. v. Muxlow*, 115 N. Y. 170; *Fire Department v. Stanton*, 159 N. Y. 225; *People ex rel. N. Y. C. R. R. Co. v. Woodbury*, 208 N. Y. 421; *Pearson v. Lovejoy*, 53 Barb. 407; *Victory v. Blood*, 93 N. Y. 650.) The Appellate Division erred in requiring the legal representatives of the deceased partner to be brought in as necessary parties to this action. (*Matter of New York, L. & W. R. R. Co.*, 98 N. Y. 447; *Hong Kong & Shanghai Banking Corp. v. Cooper*, 114 N. Y. 388; *Hine v. N. Y. Elev. R. R. Co.*, 149 N. Y. 154; Civ. Prac. Act, § 278; *Hotopp v. Huber*, 160 N. Y. 524; *Seligman v. Friedlander*, 199 N. Y. 373; *Kremer v. Kremer*, 221 App. Div. 747; *Martin v. Barker*, 125 Misc. Rep. 486; *Jacrov Amusement Co. v. Fischel*, 132 Misc. Rep. 529; *Pouch v. Prudential Ins. Co.*, 204 N. Y. 281; *Kreiser v. City of New York*, 46 App. Div. 16; *Hanna v. Manufacturers' Trust Co.*, 104 App. Div. 90; *Wood Dolson Co. v. Leonett Realty Co.*, 227 App. Div. 552; Partnership Law, § 51; *Williams v. Whedon*, 109 N. Y. 333; *Stem v. Warren*, 227 N. Y. 538; *Costello v.*

*Costello,* 209 N. Y. 252; *Daby* v. *Ericsson,* 45 N. Y. 786; *Matthews* v. *Stietz,* 5 N. Y. Civ. Proc. Rep. 235; *Jackson* v. *Tallmadge,* 246 N. Y. 133; *City Equity Co.* v. *Elm Park Realty Co.,* 135 App. Div. 856; *Osterhoudt* v. *Board of Supervisors,* 98 N. Y. 239.)

*Julian A. Ronan* and *Earl H. Gale* for respondent. The appeal brings up for review only that part of the order of the Appellate Division which directed that the legal representatives of the deceased partner be brought in as necessary parties to this action. (*Redman* v. *Verplex Art Co.,* 237 N. Y. 475; *Matter of Budlong,* 126 N. Y. 423; *Wingert* v. *Krakauer,* 180 N. Y. 265; *Landmesser* v. *Hayward,* 157 App. Div. 74; *Laforge* v. *McGee,* 127 App. Div. 143; *Isham* v. *New York Assn. for Poor,* 177 N. Y. 218; *Flagg* v. *Moses,* 248 N. Y. 509; *Lane* v. *Wheeler,* 101 N. Y. 17; *City of Buffalo* v. *Sevenson,* 207 N. Y. 258; *Reichel* v. *Standard Rice Co.,* 254 N. Y. 86; *Sultzbach* v. *Sultzbach,* 238 N. Y. 353; *Gambold* v. *McLean,* 254 N. Y. 357.) The legal representatives of the deceased partner are necessary parties and the Appellate Division properly ordered that they be brought into this action as such. (*First Nat. Bank* v. *Shuler,* 153 N. Y. 163; *Moulton* v. *Cornish,* 138 N. Y. 133; *Galusha* v. *Galusha,* 138 N. Y. 272; *Mahr* v. *N. U. F. Ins. Society,* 127 N. Y. 452; *Osterhoudt* v. *Board of Supervisors,* 98 N. Y. 239; *Peyser* v. *Wendt,* 87 N. Y. 322; Civ. Prac. Act, § 193; *Williams* v. *Whedon,* 109 N. Y. 333; *Krumbeck* v. *Clancy,* 41 App. Div. 398.)

*Per Curiam.* The personal representatives of the deceased partner are not necessary parties to this action brought by one who claims to be a surviving partner to compel an accounting by a third person in possession of the partnership assets.

The order of the Appellate Division granting a new trial is not subject to review upon this appeal from the

final judgment (*Kade* v. *Sanitary F. & C. Co.*, 256 N. Y. 371).

The judgment dismissing the complaint for defect of parties should be reversed without costs.

The appeal from the order granting a new trial should be dismissed.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment accordingly.