In the Matter of the Estate of SIDNEY S. PRINCE, Deceased.

Surrogate's Court, Westchester County, October 20, 1931.

*Greenbaum, Wolff & Ernst*, for the executors.

*Cardozo & Nathan*, for the trust beneficiary.

*Jacob S. Ruskin*, special guardian.

SLATER, S. The decedent died on July 20, 1929. At the time of his death he was one of the senior partners of Asiel & Co., stock exchange firm. Pursuant to the partnership agreement, the sur-

viving senior partner chose to continue the partnership business until the following December thirty-first, at which time the business was liquidated and the value of decedent's interest in the partnership was remitted to the executors. Of the fund remitted, the item of $71,476 represented the decedent's proportion of the profits of the partnership for the period from his death to December 31, 1929, the date of the termination of the said copartnership. Another item was the interest accrued upon the capital account of the decedent, amounting to the sum of $17,800.

The question submitted is whether these two sums of money, both accrued after the decedent's death, constitute part of the corpus of the trust, or pass as income to the beneficiary of the trust.

The will, after making certain bequests, by the 14th paragraph gives the residue and remainder to the trustees in trust to receive the whole of the income and pay the whole of the net income to the decedent's wife during the term of her natural life.

The rule that income accrues to a beneficiary of a trust from the date of death of a decedent cannot be applied in the instant case. (*Matter of Stanfield,* 135 N. Y. 292, 297; *Matter of Bird,* 241 id. 184; *Matter of Lord,* 134 Misc. 198.)

The law of partnership and the partnership agreement solve the instant question. The principle is well established that partnership property belongs to the partnership and not to the partner. The rights and obligations of the partners as between themselves arise from and are fixed by their agreement. (*Martin* v. *Peyton,* 246 N. Y. 213.) Upon the death of a member of a firm, the legal title to the assets of the firm vests in the surviving members, and what is left to the representative of deceased partner is the right to an accounting. (*Williams* v. *Whedon,* 109 N. Y. 333; *Costello* v. *Costello,* 209 id. 252, 259; *Stem* v. *Warren,* 227 id. 538, 546; *Matter of Miller,* 64 Misc. 232; modfd., 138 App. Div. 885; affd., 199 N. Y. 564; *People ex rel. Whitney* v. *Loughman,* 226 App. Div. 108; *Matter of Lee* v. *Gilchrist,* 215 id. 576.)

The representatives of a deceased person have a mere equitable interest in the distribution of property remaining after the payment of partnership debts — a mere chose in action — a mere right to claim the amount of money which the decedent's share would result in — nothing more. The personal representatives of a deceased partner are not even necessary parties to an action, brought by one who claims to be a surviving partner, to compel an accounting by a third person in possession of the partnership assets. (*Kade* v. *Sanitary Fireproofing, etc., Co.,* 257 N. Y. 203.) The surviving partner of a firm is the legal owner of its assets and the representatives of a deceased partner have no legal interest

in the assets, or right to interfere with the administration. Consequently, when any sum is paid to representatives of an estate, it is received without distinguishing marks and becomes principal in his hands. It is nothing more than the collection of a debt. The profits of a joint venture remain unknown and unknowable without a winding up of the business through a liquidation of the assets (*Matter of Raymond* v. *Davis*, 248 N. Y. 67, 70), and the legal representative of the deceased partner has the status of an ordinary creditor. (*Underdown* v. *Underdown*, 279 Penn. St. 482.) In the instant case there is nothing in the partnership agreement nor in the will that would vary or alter this rule of law.

The partners, pursuant to the agreement, become joint adventurers and joint owners of the partnership assets, and the surviving partners become the owners of the partnership assets. In a sense, they were trustees of the partnership assets for the benefit of the estate of Prince, the deceased partner.

*Matter of Slocum* (60 App. Div. 438; affd., 169 N. Y. 153) is not in point. The partnership agreement in that case provided for the dissolution at the death of either partner. The interest of the decedent as of the date of death became capital. Whatever income resulted from the new partnership became income to the life tenant. In the instant case the executors did not become partners, and there was no segregation as of the date of decedent's death of his interest in the partnership. *Matter of McCollum* (80 App. Div. 362) was decided upon the intention disclosed by the testator that the life tenant was to convey the profits of the partnership as income because there was no other fund out of which the life tenant was entitled to any share. In the instant case there is no such intention disclosed and the life beneficiary of the trust is entitled to the annual income upon a very large estate other than the interest flowing from the partnership. The executors of McCullum treated the continuation of the partnership business as an investment by them and so the court permitted it to pass as income. (See *Matter of Marx*, 117 App. Div. 890, at p. 896.) In *Brown* v. *Brown* (122 App. Div. 576) the executors became partners and, of course, profit belonging to the estate passed to the life beneficiary as income.

In the instant case the executors wait upon the terms of the partnership for the liquidation of the assets.

The rules of partnership law laid down in court decisions have been written into the Partnership Law (§§ 50–52, 73, 112).

I hold that the avails of the partnership business are principal in the hands of the executors of the decedent's estate, and that no part of such sum received may be applied as income to the life beneficiary of the trust.