In the Matter of the Judicial Settlement of the Intermediate Account of Proceedings from July 20, 1929, to June 30, 1931, of Nelson I. Asiel and Others, as Executors, etc., of Sidney S. Prince, Late of the Village of Mamaroneck, Deceased, Respondents. Therese H. Prince, Objectant, Appellant; Jacob S. Ruskin, as Special Guardian for Julius S. Prince, Infant, etc., and Others, Respondents.— Decree of the Surrogate's Court of Westchester county, in so far as appealed from, reversed on the law and the facts, with costs, payable out of the estate, to all parties filing briefs, and the matter remitted to the Surrogate's Court with instructions to make a decree in accordance herewith. In our opinion, under the Partnership Law,* the partnership ceased with the death of decedent. Under the terms of the partnership agreement, and with the consent of the executors and trustees, the investment of decedent continued in what was in effect a new partnership. This was tantamount to an investment of the sum of $600,000 by deceased's representatives in the business as of the date of decedent's death to December 31, 1929. The terms of the will clearly indicate that it was the testator's intention that the life beneficiary, his widow, should receive the net income on his entire residuary estate. Under the authority of *Matter of Slocum* (169 N. Y. 153) and *Matter of Weaver* (53 Misc. 244), profits on decedent's interest in a partnership from death to dissolution, were classed as income. The executors of the estate of decedent, by what constituted an investment by them, became what might be termed limited partners. The profit and the interest on the investment from the date of decedent's death belong to the life tenant. Kapper, Hagarty, Carswell and Tompkins, JJ., concur; Lazansky, P. J., dissents and votes to affirm upon opinion of Surrogate Slater [141 Misc. 600]. [See *post*, p. 855.]

*See Laws of 1919, chap. 408, § 62, subd. 4.— [Rep.