In the Matter of the Judicial Settlement of the Intermediate Account of Proceedings from July 20, 1929, to June 30, 1931, of NELSON I. ASIEL and Others, as Executors, etc., of SIDNEY S. PRINCE, Late of the Village of Mamaroneck, Deceased, Respondents. THERESE H. PRINCE, Objectant-Appellant; JACOB S. RUSKIN, as Special Guardian for JULIUS S. PRINCE, Infant, etc., and Others, Respondents.— The decision of this court handed down on March 2, 1933 [*ante*, p. 843], is hereby amended to read as follows: Decree of the Surrogate's Court of Westchester county modified so as to credit the items of $17,800 as interest on capital account from July 20, 1929, to December 31, 1929, and of $71,476, being share of partnership profits, from July 20, 1929, to December 31, 1929, to income instead of capital, as such items are now charged in the account. As so modified the decree in so far as appealed from is affirmed, with costs, payable out of the estate, to all parties filing briefs, and the matter remitted to the Surrogate's Court to make a decree accordingly. In our opinion, under the Partnership Law,* the partnership ceased with the death of decedent. Under the terms of the partnership agreement, and with the consent of the executors and trustees, the investment of decedent continued in what was in effect a new partnership. This was tantamount to an investment of the sum of $600,000 by deceased's representatives in the business as of the date of decedent's death to December 31, 1929. The terms of the will clearly indicate that it was the testator's intention that the life beneficiary, his widow, should receive the net income of his entire residuary estate. Under the authority of *Matter of Slocum* (169 N. Y. 153) and *Matter of Weaver* (53 Misc. 244), profits on decedent's interest in a partnership from death to dissolution were classed as income. The executors of the estate of decedent, by what constituted an investment by them, became what might be termed limited partners. The profit and the interest on the investment from the date of decedent's death belong to the life tenant. Kapper, Hagarty, Carswell and Tompkins, JJ., concur; Lazansky, P. J., dissents and votes to affirm upon opinion of Surrogate Slater. [See 141 Misc. 600.]

MAURICE JAGENDORF, Doing Business under the Firm Name and Style of JUVENILE SHOP, Appellant, v. THE HALIFAX FIRE INSURANCE COMPANY and Others, Respondents.— On argument, appeal dismissed, without costs and without prejudice to renewal of the motion for a bill of particulars. Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ., concur.

CILLA C. JOHNSEN, as Executrix, etc., of ALFRED JOHNSEN, Deceased, Appellant, v. CLARENCE M. CARMAN, Respondent.— Order changing the place of trial from Kings county to Suffolk county affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ., concur.

SAMUEL KOPELMAN and MEYER KOPELMAN, Respondents, v. H. HAROLD ROMANOFF and TESSIE ROMANOFF, Defendants, Impleaded with DAVID ROMANOFF, Appellant.— Order denying motion to dismiss the complaint affirmed, with ten dollars costs and disbursements, with leave to answer within ten days from service of a copy of the order herein. No opinion. Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ., concur.

---

* See Laws of 1919, chap. 408, § 62, subd. 4.— [REP.