In the Matter of the Estate of EMIL S. NORDLINGER, Deceased.

Surrogate's Court, New York County, April 26, 1934.

*Carlo D. Cella*, for Florence B. Nordlinger, objectant.

*Nordlinger, Riegeiman & Cooper* [*H. H. Nordlinger* and *David B. Lefkowitz* of counsel], for Lester Nordlinger, executor.

*Davis, Polk, Wardwell, Gardiner & Reed,* for the Guaranty Trust Company, trustee.

*John A. Bell, Jr.,* special guardian.

FOLEY, S. The principal dispute in this accounting proceeding arises over the disposition of the sum of $10,000, which became payable to the estate under the terms of an agreement of partnership, of which the decedent was a member.

Under the terms of the agreement, it was provided that in the event of the death of one of the partners, the business was to be carried on for the remainder of the calendar year and a determination of the various interests of the partners made as of that date. The agreement also fixed the salaries of the respective partners and provided that such salary, from the date of death to the end of the calendar year, should be paid to the estate of a deceased partner. The salary of the decedent was $12,000 *per annum* and at the time of his death $10,000 represented the unpaid salary for the balance of the year.

In his will the testator provided for the setting up of a trust in the sum of $50,000, with directions to pay the " net income " to his wife for life. By reason of the deficiency of assets an abatement has resulted. The widow, as life tenant, contends that the amount paid by the partnership " as salary " should be allocated to her as life tenant of the trust. On the other hand, the executor contends that the payment constitutes part of the principal of the trust. The trust, at the most, will amount to $30,000, but if the amount in dispute here is to be paid to the life tenant, the corpus of the fund will be reduced to approximately $20,000.

I hold that the amount paid was principal. This general determination is subject to the modification, however, that the life tenant was entitled to interest on the fund at the rate of six per cent, computed at its present worth (as of the date of death) to the times of payment.

The will itself contains no specific reference to the disposition of the moneys payable as salary to which the estate would become entitled. It was within the power of the testator to specifically direct the gift of that amount to his wife. The determination, therefore, must rest upon the essential character of the moneys paid. Under the partnership agreement, there was, in effect, to be set up at the beginning of each calendar year, a reserve of salary due to each partner. In the event of the death of any of them

during the year, the unpaid balance of salary became immediately vested in his estate, with payment postponed in monthly installments. The amount due was definitely fixed and was no different in character from an ordinary debt due the estate. The partnership agreement expressly stated that the salaries payable to the partners " shall be deemed an expense of the business." The use of the word " salary " has, therefore, no significance as indicating a payment of income for the benefit of the life tenant. The source of payment had no relation to profits earned by the partnership. Even if there had been no profits during the balance of the year, the amount of unpaid salary would have been due the estate. If the life tenant's contention was correct and no profits had been earned, there would have been an impairment of the share of the deceased partner in the partnership assets by reason of the liability for salary. Necessarily, the payment of salary, in the absence of profits, tended to reduce the capital value of each partner's interest. The payment was the obligation of the partnership and became fixed and absolute at death.

Under the particular circumstances of the situation, the cases which deal with payment of interest or profits after death and before completion of liquidation of a partnership, do not apply. Certain authorities hold that profits and interest earned during the liquidation period are to be treated as income due the life tenant. (*Matter of Slocum*, 169 N. Y. 153; *Matter of Prince*, 141 Misc. 600; modfd., 238 App. Div. 855.) Other authorities treat such profits as part of the capital interest of the deceased partner and existing principal. (*Matter of Miller*, 64 Misc. 232; modfd., 138 App. Div. 885; affd., 199 N. Y. 564.) None of them has any relevancy to the peculiar provisions as to salary in the partnership agreement here.

Nor do the authorities dealing with taxation of income have any pertinency. There is a distinction as to cases involving the taxability of income and those dealing with the allocation of an estate asset, as between the life tenant and remaindermen. (*Equitable Trust Co.* v. *Prentice*, 250 N. Y. 1.) It is clear also that the rule as to the allocation of a " wasting asset," such as a leasehold, cannot be invoked on behalf of the life tenant. In the case of the " wasting asset," which has an ascertainable value at death and a prospective earning power, the capital value must be maintained for the protection of the remaindermen. The installments of salary were similar in their nature to a series of notes for $1,000 each, payable monthly. If the assets were in this form, they would unquestionably be treated as principal and the interest only would be payable to the life tenant.

I hold that the claim against William Radamacher, although originally an individual asset of the decedent, was transferred to and became a partnership asset and remained such as of the date of the death of the decedent.

As to the claim against the Merchants Textile Company, the testimony sufficiently establishes that the claim was an asset of the decedent individually, and not of the partnership of which he was a member.

Submit decree on notice settling the account in accordance with this decision and the rulings of the surrogate upon the trial.