In the Matter of the Estate of C. OLIVER WELLINGTON, Deceased.

Surrogate's Court, Suffolk County, July 16, 1962.

*Turk, Marsh, Ouchterloney & Kelly* for petitioner. *White & Case* for Bankers Trust Company and another, as executors and trustees. *William F. Mackey, Jr.*, as special guardian.

PIERSON R. HILDRETH, S. This is a construction proceeding. The question involved concerns whether the estate's share of earnings of a partnership of which decedent was a member is to be considered as income or principal in the hands of the executors and trustees. The petitioner is decedent's widow who is one of the executors and trustees and also the income beneficiary of trusts under the will.

Decedent died February 6, 1959, leaving a will dated November 9, 1953, which was admitted to probate in this court on February 18, 1959. The will named his wife, his son and the Bankers Trust Company as executors and trustees and all were appointed as such. Decedent specifically bequeathed and devised to his wife most of his tangible personal property, his home properties in Suffolk County and in Florida, his stock in a corporation which owned a co-operative apartment in New York City, and also gave her a cash bequest of $25,000. He directed that his residuary estate be divided into a marital trust and a nonmarital trust with provisions that the net income from each be paid to his wife for her life. He gave her an absolute power of appointment over the marital trust with provisions that after termination of the nonmarital trust on her death the principal should pass to designated individuals or their issue as provided.

Other provisions gave and granted comprehensive powers and discretion to the executors and trustees with respect to management of the estate among which was the following provision in clause SEVENTH. '' My Trustees shall have discretion to resolve whatever doubts arise in connection with the application of this paragraph or the allocation, in whole or in part, to principal or income of receipts or disbursements for which no express provision is made in this my Last Will and Testament, and their decision shall be binding upon all interested persons or corporations.''

When decedent died he was a senior partner in the partnership of accountants, auditors and management consultants, known

as Scovell, Wellington & Company. Although his other income was substantial, the main source of income was his share of the earnings of this firm. In the two years preceding death his share of the firm income approximated $92,000 per year. Under the partnership agreement in effect at the date of the will and at decedent's death it was provided that the death of a partner would not terminate the partnership, but the surviving partners were authorized to continue the business of the firm, and no value was to be attributed to good will or the right to use the firm name in ascertaining the amount due the deceased partner and that no payment should be made therefor; that the salary of the deceased partner ceased at the end of the month during which his death occurred; that upon the death of a partner his interest in the partnership assets terminated and should be valued in an amount equal to the credit balance then in his " capital and current accounts ", which balance was the consideration for the transfer of the partner's interest in the partnership assets to the surviving partners and which amount, with interest thereon, should be paid to his estate by annual payments by the end of the fifth fiscal year following that in which death occurred, subject to such partner's proportionate share of any losses during such period. The agreement further provided that there be credited or charged to the estate of the deceased partner, until the end of the fifth fiscal year following the fiscal year of death, the same proportionate share of the partnership's net profits or losses during these years as he had been entitled to receive or chargeable with during the three full fiscal years prior to the year of death; that the legal representatives, however, would have no voice in the management of the business.

The estate's share of the partnership profits in accordance with the agreement and received by the estate during the two years following death was $75,306.16 for the fiscal year ending August 31, 1959, and $76,967.39 for the fiscal year ending August 31, 1960, which sums were in addition to the interest received on the value of his capital. These sums are still held by the executors and trustees pending determination of this proceeding. The other income of the estate, exclusive of such partnership income, provided remittances to the widow of $27,500 for the year 1959, and $35,000 for the year 1960.

It is unquestioned that without inclusion of the income from the partnership, the other estate income payable to the widow under the residuary trusts for her benefit is insufficient to enable her to pay carrying charges and maintain the homes and properties which her husband left her and also provide for her neces-

sary family living expenses. One asset of the estate consists of a substantial acreage of land in Florida which decedent had been developing for several years prior to his death and which he specifically authorized his executors and trustees to retain. While this is expected to be productive of income and principal by about 1965, it does not produce income at present due to continued need for advances to complete development.

Petitioner asks that the court construe the will and determine that the estate's share of the net income of the partnership earnings since decedent's death, and the interest on the capital investment constitutes income in the hands of the executors and trustees which is properly distributable to petitioner as testator's widow and income beneficiary under the residuary trusts of the will. That such earnings and interest under the provisions of the will and the partnership agreement is income payable to the widow as asserted by petitioner, is not opposed by any party and is also concurred in by the report of the special guardian representing infant beneficiaries. Upon all the facts of this situation the court concurs that this is the proper construction and the intent and meaning of the will. The provisions of the will and all other evidence presented indicate very clearly the testator's intent to provide for his widow and to make her the primary object of his bounty. During her lifetime she was to be the recipient of all net income received by the estate. Testator must have contemplated that this would include the substantial income to be derived from the partnership. The authorities fully support the view that the payments to the estate of decedent's share of partnership profits after death in this situation are to be considered as income and not principal in the hands of the executors and trustees and that such income is payable to the income beneficiary. (*Matter of Slocum*, 169 N. Y. 153; *Matter of Prince*, 238 App. Div. 855; *Brown* v. *Brown*, 122 App. Div. 576; *Matter of McCollum*, 80 App. Div. 362; *Matter of Weaver*, 53 Misc. 244.) The payments from partnership income were not payable in any event, but only in the event the partnership had profits, yet at the same time in the event of loss decedent's capital interest was subject to the risk of being charged therewith. Accordingly, the will is construed to mean and provide that the estate's share of partnership profits received by the executors and trustees for the years following decedent's death as provided under the partnership agreement is classed as income and not principal, as is also the interest received on the partnership capital, and such income is payable to the widow as income beneficiary of the residuary trusts.

In view of this determination the court makes no determination concerning the effect of the instrument executed by the executors and trustees and acknowledged April 28, 1961. By this instrument they allocated the partnership profits received to income subject to approval of the court, pursuant to the grant of discretionary power to them under paragraph SEVENTH of the will which authorized them to resolve doubts as to allocation to principal or income. The court holds that the payments here are income under the provisions of the will and applicable law. Hence, there is no occasion to pass upon the allocation made by the trustees.