In the Matter of the Claim of CLYDE H. WHITMYRE et al., Respondents, against INTERNATIONAL BUSINESS MACHINES CORPORATION et al., Appellants.

STATE INDUSTRIAL BOARD, Respondent.

Argued March 15, 1937; decided April 27, 1937.

*Morris Gitlitz* for appellants. The Industrial Board was without jurisdiction to excuse the failure to give notice of disablement and reinstate the award after the decision of the Court of Appeals dismissing the claim. (*Matter of Westerfield*, 61 App. Div. 413; *Marshall* v. *Boyer*, 52 Hun, 181; *Meldon* v. *Devlin*, 39 App. Div. 581;

*Kirkpatrick Home* v. *Kenyon*, 209 App. Div. 179; *Matter of Jerome Ave.*, 78 App. Div. 631; *Matter of Herkimer*, 29 App. Div. 69; *Hewitt* v. *Ballard*, 16 App. Div. 466; *Metcalf* v. *Firth Carpet Co.*, 196 App. Div. 790; *Matter of Anderson* v. *Johnson Lighterage Co.*, 214 App. Div. 743; 241 N. Y. 523.) The Industrial Board is estopped to excuse the failure to give notice on the record in the case. (*Royal Indemnity Co.* v. *Heller*, 256 N. Y. 322; *Matter of Joyce* v. *Eastman Kodak Co.*, 238 N. Y. 142.) The evidence in the record does not justify the action of the Board in excusing the failure to give notice, nor does it support the ground upon which such action was based. (*Andrews* v. *Butler Mfg. Co.*, 184 App. Div. 698; *Matter of Smith* v. *Nash Motor Corp.*, 233 App. Div. 296; *Bellanca* v. *Spencer Lens Co.*, 214 App. Div. 824.)

*John J. Bennett, Jr., Attorney-General* (*Roy Wiedersum* of counsel), for State Industrial Board, respondent. The Industrial Board was vested with jurisdiction to excuse the failure to give notice of disablement after the determination of the Court of Appeals. (*McMahon* v. *Gretzula*, 238 App. Div. 877; 242 App. Div. 742; 267 N. Y. 573; *Matter of Joyce* v. *Eastman Kodak Co.*, 238 N. Y. 142.) The Industrial Board may in a proper case excuse at any time the failure to give written notice. (Cons. Laws, ch. 67, §§ 22, 23, 25 and 123.) The evidence justifies and amply supports the finding of the Industrial Board excusing the failure to give notice of disablement. (*Matter of Johnson* v. *Dahlstrom Metallic Door Co.*, 255 N. Y. 610; *Talbot* v. *Kress*, 248 App. Div. 652; *Matter of Haight* v. *Wolff*, 236 App. Div. 762; *Amatrano* v. *Ide Co.*, 244 App. Div. 852; *Matter of Murphy* v. *Bedford*, 247 App. Div. 830; *Woodhead* v. *Renison*, 242 App. Div. 882; *Burke* v. *Connors*, 241 App. Div. 898; *Lillis* v. *Great Atlantic & Pacific Tea Co.*, 241 App. Div. 646; *Macin* v. *Harvard Auto Body Co.*, 231 App. Div. 775; 236 App. Div. 770.)

*Per Curiam.* Because notice of disablement was not given pursuant to section 45 of the Workmen's Compensation Law (Cons. Laws, ch. 67), this court in *Matter of Whitmyre* v. *International B. M. Corp.* (267 N. Y. 28) reversed the award and dismissed the claim. Thereafter the State Industrial Board reconsidered the case, making a new finding that written notice of disablement was not given to the employer within the time prescribed by sections 18 and 45 of the Workmen's Compensation Law, but such notice could not have been given for the reason that the cause of disablement was not known until after the death and autopsy. The finding further stated that the employer was not prejudiced by the failure to give such written notice. On these new findings, another award was made which has been affirmed by the Appellate Division.

Continuing jurisdiction over workmen's compensation cases is given to the State Industrial Board by sections 22, 23 and 123 of the Workmen's Compensation Law. The power and jurisdiction of the Board to reopen a claim after a reversal and dismissal; to take new evidence and make new findings, have been approved by this court in *Matter of McMahon* v. *Gretzula* (267 N. Y. 573, affg. 242 App. Div. 742); *Matter of DiDonato* v. *Rosenberg* (256 N. Y. 412).

There being evidence to sustain the new findings of the Board, we affirm the order of the Appellate Division and the award of the Industrial Board.

The order should be affirmed, with costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Order affirmed.