In the Matter of the Claim of JOHN P. DAUS, Respondent, against GUNDERMAN & SONS, INC., et al., Appellants. STATE INDUSTRIAL BOARD, Respondent.

460

Argued May 22, 1940; decided July 24, 1940.

*Irvin A. Snyder* for appellants. The decision of the State Industrial Board was a compelling decision by order of the Appellate Division and the order of that court dated and filed December 19, 1938, was in violation of the Workmen's Compensation Law in that the Appellate Division reviewed a question of fact and in its own judgment reversed the previous decision and findings of the Industrial Board dated and filed on the 15th day of May, 1937. (*Benjamin* v. *Rosenberg Bros.*, 180 App. Div. 234; *Matter of Chetney* v. *Manning Co.*, 273 N. Y. 82; *Matter of Haverhals* v. *Badman*, 243 App. Div. 848.)

*John J. Bennett, Jr., Attorney-General (Roy Wiedersum* of counsel), for State Industrial Board, respondent. The

order of the Appellate Division should be affirmed. (*Matter of Falk* v. *Midland Dairy Co.*, 248 App. Div. 929; 273 N. Y. 616; *Matter of Green* v. *Geiger*, 255 App. Div. 903; 280 N. Y. 610; *Matter of Whitmyre* v. *International Business Machines Corp.*, 249 App. Div. 678; 274 N. Y. 61; *Matter of Bervilacqua* v. *Clark*, 222 App. Div. 784; 225 App. Div. 190; 250 N. Y. 589.)

*George S. Goldberg* for claimant, respondent. The Appellate Division by its order dated and filed December 19, 1938, did not review a question of fact in reversing the previous decision and findings of the Industrial Board dated May 15, 1937, for any finding of fact by the Industrial Board not supported by legal evidence is not final and may be reversed by the Appellate Division. (*Matter of Bennett* v. *Marine Works, Inc.*, 273 N. Y. 429; *Matter of Carroll* v. *Knickerbocker Ice Co.*, 218 N. Y. 435; *Matter of Brynildsen* v. *Mt. Vernon Novelty Curtain Co.*, 239 App. Div. 566; *Carr* v. *Donner Steel Co.*, 207 App. Div. 3.)

LEHMAN, Ch. J. The claimant was injured while he was driving his automobile in Queens county shortly before midnight on September 11, 1936. He was employed as a salesman by a corporation engaged " in the business of selling automobile brakes and general brake service." The claimant used his own automobile in the performance of his work. It would have been impossible for him to do the work required of him without an automobile. He testified that on the evening of the accident he met a prospective customer who desired to establish an automobile service station in Queens county; that they had dinner together, and that claimant, intending to sell to the customer a brake-testing machine and other equipment after the service station was established, drove the prospective customer around Long Island City during the entire evening looking for a good location for the proposed station; that at eleven-thirty p. m. he dropped the prospective customer and was proceeding to his own home when the accident occurred. The testimony of the claimant was corroborated by the alleged

prospective customer. If true, there can be no doubt that the claimant's accidental injuries were sustained in the course of his employment and arose out of his employment. The referee, after hearing the witnesses, so found, but the Industrial Board thereafter reversed the decision and found that the claimant was not entitled to any award. It rejected the testimony produced by the claimant because of inherent improbability in that testimony, and refused to find that the midnight accident occurred in the course of the claimant's employment.

The Appellate Division reversed the decision of the Industrial Board and by order entered December 5, 1938, remitted the matter to the State Industrial Board " for an award in favor of the claimant and against the employer, Gunderman & Sons, Inc., and against the insurance carrier, The Century Indemnity Co. of Hartford, Connecticut." After a brief hearing to determine the amount to which the claimant would be entitled for accidental injuries sustained in the course of and arising out of his employment, the Industrial Board made the " award in favor of the claimant and against the employer * * * and against the insurance carrier " which the Appellate Division had directed it to make. It held no hearing *de novo* upon the merits of the claim. The Appellate Division had issued a mandate which, under the express terms of the order, left to the Industrial Board no judicial discretion upon the question of whether or not the claimant was entitled to an award. That was determined by the order of the Appellate Division. Further judicial or quasi-judicial action by the Industrial Board was confined to determination of the amount of the award. The employer and carrier appealed from the award, and thereafter the Board, in accordance with the provisions of section 23 of the Workmen's Compensation Law (Cons. Laws, ch. 67) filed its findings of fact and rulings of law in support of the award it had made under mandate of the Appellate Division.

The Appellate Division unanimously affirmed the award, and the employer and carrier, by permission of this court,

have appealed from the order entered upon the decision of the Appellate Division. Upon that appeal, and by proper notice, the appellants seek to bring up for review the order of the Appellate Division reversing the original decision of the Industrial Board and remitting the matter to the State Industrial Board "for an award." As we have pointed out, the evidence produced by the claimant, if credited by the trier of the fact, would, undoubtedly, be sufficient to support findings that the accidental injuries were sustained by the claimant in the course of, and arose out of, his employment. Upon the first hearing the trier of the fact chose to reject much of that evidence. Upon the second hearing it based findings upon the evidence which it had previously rejected. The respondents urge that on that ground the decision of the State Industrial Board must be affirmed in accordance with the command of the statute that "the decision of the board shall be final as to all questions of fact." (Workmen's Compensation Law, § 20.) That decision, however, though in form a decision of the State Industrial Board, is made by direction of the Appellate Division, and the primary question then is whether this court may review that direction of the Appellate Division rendered upon the earlier appeal.

The respondents urge that this court has already decided that a decision on the facts by the State Industrial Board is final if sustained by the evidence, even though such decision was made after the Appellate Division had reversed an earlier contrary decision by the Industrial Board. (Citing *Matter of Falk* v. *Midland Dairy Co.*, 273 N. Y. 616; *Matter of Green* v. *Geiger*, 280 N. Y. 610; *Matter of Whitmyre* v. *International Business Machines Corp.*, 274 N. Y. 61.) These cases are not authority for the contention that the court may not in this case review the intermediate order of the Appellate Division reversing the original decision of the State Industrial Board. In *Matter of Falk* v. *Midland Dairy Co.* (*supra*) the appellant did not by proper notice of appeal bring up for review the intermediate order of the Appellate Division. Moreover, in that case this court was of the opinion that the evidence established *conclusively*

*and as matter of law* the facts found by the State Industrial Board in accordance with the mandate of the Appellate Division. In *Matter of Green* v. *Geiger* (*supra*) the intermediate decision of the Appellate Division merely directed a hearing *de novo*, and in express terms informed the State Industrial Board that upon such hearing it was free to exercise its untrammeled discretion. In *Matter of Whitmyre* v. *International Business Machines Corp.* (*supra*) we held only that the State Industrial Board was, under the statute, free to hold a new hearing and make new findings even though the appellate courts had dismissed a claim.

The rule is well established that an intermediate order of the Appellate Division reversing a decision and granting a hearing *de novo* before the original tribunal, does not necessarily affect the final decision of that tribunal after the new hearing, and may not be reviewed upon appeal from such final decision. (*Taylor* v. *Root*, 48 N. Y. 687; *Kade* v. *Sanitary F. & C. Co.*, 257 N. Y. 203; Cohen on The Powers of the New York Court of Appeals, p. 211.) In such case this court reviews the judgment or order entered after the new hearing as if no earlier judgment or order had been entered and thereafter reversed by the Appellate Division. That is not true, however, where the intermediate order of the Appellate Division does not direct a new hearing but directs the decision which must be made. That is the case here. The Appellate Division order was intermediate only because it left open for judicial consideration the question of the amount of the award. It determined that the award must be made in the amount thereafter fixed by the Industrial Board. The Appellate Division could pass only upon the question of law whether the evidence conclusively established that the claimant was entitled to an award. It was without power to reverse a finding of fact sustained by the evidence, or to direct the Industrial Board to make a finding not established as matter of law by the evidence. The ruling by the Appellate Division on the question of law necessarily affected the subsequent decision of the Industrial Board which merely followed the ruling of law made by the

Appellate Division. Any other holding would defeat the legislative direction that a decision by the Industrial Board on the facts is not subject to review by an appellate court.

It would serve no purpose to analyze the evidence produced by the claimant to establish his claim. The Industrial Board in rejecting the testimony of the claimant and his alleged prospective customer, pointed out the reasons why it refused to credit that testimony. Certainly it cannot be said that the Industrial Board was bound as matter of law to accept it. The Appellate Division had no power to weigh that testimony anew or to constrain the Industrial Board to accept it. The decision of the Industrial Board rejecting the claim was final unless even without the challenged testimony the claimant conclusively established his right to an award.

Though the claimant had no regular hours of work and did frequently work at night, it may hardly be said that these facts alone would justify an inference that injuries due to an accident occurring near midnight while the claimant was driving home alone, were sustained while the claimant was actually engaged in performing his duties as a salesman. Some further explanation certainly would be required in order to justify a finding that the day's occupation had not been concluded before that time, at least if the burden of producing evidence to show that the accident occurred in the course of his employment rested upon the claimant. It is urged now that such burden does not rest upon the claimant, but that he may rely upon the statutory presumption that " in any proceeding for the enforcement of a claim for compensation under this chapter, it shall be presumed in the absence of substantial evidence to the contrary (1) that the claim comes within the provision of this chapter  *  *  *."  (§ 21.)

The statute is not intended to relieve completely an employee from the burden of showing that accidental injuries suffered by him actually were sustained in the course of his employment and arose out of the employment. " It is not the law that mere proof of an accident without

other evidence creates the presumption under section 21 of the Workmen's Compensation Law (Cons. Laws, ch. 67) that the accident arose out of and in the course of the employment. On the contrary, it has been frequently held, directly and indirectly, that there must be some evidence from which the conclusion can be drawn that the injuries did arise out of and in the course of the employment." (Citing cases.) (*Matter of Lorchitsky* v. *Gotham Folding Box Co.*, 230 N. Y. 8, 12.) Proof of the accident will give rise to the statutory presumption only where some connection appears between the accident and the employment. With rejection of the testimony of the claimant's witnesses, possible connection between accident and employment disappears in this case. The decision of the Industrial Board dismissing the claim was, therefore, in accord with the evidence, and the Appellate Division in reversing that decision invaded the field in which, under the statute, the State Industrial Board was supreme. We do not now decide whether under the authority of *Matter of Whitmyre* v. *International Business Machines Corp.* (*supra*) the Industrial Board might not in the exercise of its continuing jurisdiction reconsider and change its decision dismissing the claim if it finds that such decision was erroneous. We decide only that no appellate court has power to direct it to change that decision.

The order of the Appellate Division and the award of the State Industrial Board should be reversed and the original determination of the State Industrial Board dismissing the claim reinstated, without costs.

LOUGHRAN, FINCH, SEARS, LEWIS and CONWAY, JJ., concur; RIPPEY, J., dissents.

Ordered accordingly.