In the Matter of the Claim of JOSEPH H. CARROLL.

FRIEDA S. MILLER, as Industrial Commissioner of the State of New York, Appellant; NEW YORK MILITARY ACADEMY, Respondent.

In the Matter of NEW YORK MILITARY ACADEMY, Respondent.

FRIEDA S. MILLER, as Industrial Commissioner of the State of New York, Appellant.

Argued June 9, 1942; decided July 29, 1942.

*John J. Bennett, Jr.*, Attorney-General (*Henry Epstein, W. Gerard Ryan* and *Francis R. Curran* of counsel), for appellant. Respondent is not entitled to exemption, since it is a stock corporation organized for profit. (*Matter of Beekman*, 232 N. Y. 365; *Matter of De Peyster*, 210 N. Y. 216; *Matter of Kennedy*, 240 App. Div. 20; 264 N. Y. 691; *Helvering* v. *Coleman-Gilbert*, 296 U. S. 369; *People ex rel. Wall & H. St. R. Co.* v. *Miller*, 181 N. Y. 328; *Matter of Mohawk Mills Assn.*, 260 App. Div. 433; *People ex rel. Rye Country Day School* v. *Schmidt*, 266 ·N. Y. 196.) The net earnings of the academy inure to the benefit of private shareholders or individuals. (*Lawrence-Smith School, Inc.*, v. *City of New York*, 166

Misc. Rep. 856; 255 App. Div. 762; 280 N. Y. 805; *Matter of Manlius School* v. *Adams*, 143 Misc. Rep. 459; 232 App. Div. 869; 257 N. Y. 549; *Palmolive Oil Co.* v. *Conway*, 43 Fed. Rep. [2d] 226; 56 Fed. Rep. [2d] 83; 287 U. S. 601.)

*George T. Barker, Theodore L. Harrison* and *J. Donald Rawlings* for respondent. It is not material that the academy was authorized to issue shares of capital stock. (*Matter of Manlius School* v. *Adams*, 143 Misc. Rep. 459; 232 App. Div. 869; 257 N. Y. 549.) No part of the net earnings of the academy inures to the benefit of any private shareholder or individual. (*Hirsch* v. *Weiner*, 116 Misc. Rep. 312.)

RIPPEY, J. Two proceedings were instituted before the Industrial Commissioner under the New York State unemployment insurance law (Labor Law, art. 18; Cons. Laws, ch. 31). The first proceeding was brought by Joseph H. Carroll, a former employee of the New York Military Academy, who claims benefits under the unemployment insurance law. A second contemporaneous proceeding was instituted by the New York Military Academy for a hearing in the matter of its alleged liability for contributions under that law. In connection with both proceedings it is the claim of the New York Military Academy that it is not an employer within the meaning of section 502 (subd. 3, par. d) of the Labor Law and consequently is not subject to contributions to the unemployment insurance fund as provided for in article 18 of the Labor Law.

Section 502 (subd. 3, par. d) of the Labor Law, so far as here material, provides that "any corporation * * * operated exclusively for religious, charitable, scientific, literary or educational purposes, no part of the net earnings of which inures to the benefit of any private shareholder or individual, shall not be employers subject to this article." The Academy concedes that it has employed and does employ some forty persons outside of its faculty. The Industrial Commissioner concedes that the Academy is a corporation organized and operated exclusively for educational purposes. The question presented for determination is whether any part of the net earnings of the New York Military Academy inures to the benefit of any private shareholder or individual within the meaning of the statute.

Individuals who were then operating a military school for boys at Cornwall-on-Hudson applied to the Regents of the University of the State of New York in February, 1889, for incorporation of the school under the name of the New York Military Academy and named as its first trustees, in the application, the owner of the property and certain military officers and teachers who were then connected with the school. They asserted that the capital stock was to be $40,000, divided into shares of $100 each, and that subscriptions to said capital stock had been procured in the amount of $6,400. A later statement filed in connection with the application shows that additional subscriptions had been made and paid in full to the amount of $6,500. A provisional charter was granted on May 8, 1890, and that was made permanent on June 21, 1893. Later, the charter was amended to provide that its board of trustees should be a self-perpetuating body empowered to increase or decrease its membership and from time to time to fix the terms of office and the number of the trustees who should govern the institution. The Academy has since operated under a standard curriculum of secondary education as a college preparatory and advanced military training school for boys.

The New York Military Academy Realty Company was organized in 1910 under the Business Corporations Law (Cons. Laws, ch. 4) by trustees and others interested in the operation of the Military Academy and thereupon acquired title to all the real property and equipment formerly owned and used by the school. The capital stock was all subscribed for by a trustee of the Academy, its superintendent and another connected with it. The Academy trustee became its president and the then superintendent of the Academy became its secretary and treasurer. Both were directors of the corporation. It has upwards of eighty stockholders, many of whom have been stockholders since its organization.

The operations of the Military Academy were conducted after the incorporation of the realty company under written leases, the last of which was made in 1926 for a term of twenty years with a provision for a renewal upon the same terms for a further term of twenty years. Under these leases it was provided that it should pay annually to the realty company for the use of all the physical property and equipment necessary for its operation and owned

by the realty company the net receipts from its operations arising after all expenses thereof had been paid. Those net receipts received by the realty company from the Military Academy were annually paid out by the former to its stockholders by way of dividends except for a part thereof retained for reserve and surplus account. The realty company had no property except that leased to the Academy and conducted no business except that connected with the property so leased. The evidence establishes that certain of the trustees of the Academy were officers and/or directors and/or stockholders of the realty company since its organization. By interlocking directorates and management the realty company was able to control the expenses which the Academy paid out of its gross earnings and thereby was enabled to procure from the time of its organization until 1940, inclusive, the entire net earnings of the Military Academy, aggregating $1,240,549.59, as rental for the property so leased. Out of the surplus arising after the payment of dividends to its stockholders the realty company, as it was required to do by the terms of its lease, made additions and repairs to the plant of the school from time to time and increased its investment in plant and equipment to approximately $1,000,000.

The Unemployment Insurance Appeal Board found, upon the foregoing and other pertinent testimony, that the relationship and business transactions between the academy and the realty company, its officers, directors, trustees and stockholders, provided for and effected the syphoning off of the profits of the Academy through the realty company for the benefit of the stockholders of the latter. That was a question of fact (*Matter of Manlius School* v. *Adams*, 257 N. Y. 549; *Lawrence-Smith School, Inc.*, v. *City of New York*, 280 N. Y. 805). There is substantial evidence to sustain the findings of the Appeal Board and in view of that circumstance the Appellate Division was without power to reverse (Labor Law, § 534; Cf. *Matter of Daus* v. *Gunderman & Sons, Inc.*, 283 N. Y. 459). The Appeal Board, upon sufficient evidence, found and correctly held that such stockholders were " individuals " and that the Military Academy was an " employer " within the meaning and under the provisions of the Labor Law and not subject to exemption from contributions thereunder.

The orders of the Appellate Division should be reversed and the decisions of the Unemployment Insurance Appeal Board confirmed, with costs in this court and in the Appellate Division.

LEHMAN, Ch. J., LOUGHRAN, FINCH, LEWIS, CONWAY and DESMOND, JJ., concur.

Ordered accordingly.