In the Matter of the Claim of GORDON M. STICKLE, Respondent, against WESTCOTT GARAGE et al., Appellants.

Argued October 6, 1942; decided December 3, 1942.

*Harry Wareham* and *Frank L. Ward* for appellants. The decision of the Industrial Board is justified on the evidence and on the law. (Cons. Laws, ch. 67, §§ 22, 118, 123; Cons. Laws, ch. 31, §§ 19, 27; *Matter of Whitmyre* v. *International B. M. Corp.*, 274 N. Y. 61; *Schaefer* v. *Buffalo Steel Car Co.*, 250 N. Y. 507; *D'Anneo* v. *Sperry Gyroscope Co.*, 259 App. Div. 766; *Ullman* v. *Keller*, 218 App. Div. 796; *Stockdale* v. *International Railway Co.*, 265 N. Y. 534; *Ingberg* v. *Zimmerman*, 261 N. Y. 551.)

*Albert Orenstein* for respondent. The claim was settled and compromised by agreement of all the parties and the approval of the referee, with full knowledge of all the facts. (*Berman* v. *Reliance Metal Spinning & Stamping Co.*, 187 App. Div. 816, *Matter of Cretella* v. *New York Dock Co.*, 263 App. Div. 180; *Fisher* v. *Genesee Construction Co.*, 187 App. Div. 850.) Claimant owned a

vested right in the proceeds of the settlement. (*Matter of Miller* v. *Pierson & Williams*, 227 App. Div. 675; 253 N. Y. 541.)

*Per Curiam.* At any time before final payment to a claimant of a settlement agreed upon following a factual controversy between the carrier and claimant, the department may make such decision or order in the premises as in its judgment is just and proper including one disapproving payment of the unpaid balance of the settlement. (Workmen's Compensation Law, § 123 [Cons. Laws, ch. 67]; *Matter of Whitmyre* v. *International Business Machine Corp.*, 274 N. Y. 61.)

*Matter of Miller* (227 App. Div. 675, affd., 253 N. Y. 541) is not in conflict. There a widow obtained an award for the death of her husband and thereafter died. Her administratrix sought payment to her estate of the amount of the award unpaid at the time of her death. Clearly the right of the widow to the award had vested in her and no limitation of Workmen's Compensation Law, section 123, was intended or effected by the decision.

The order of the Appellate Division should be reversed and the decision of the State Industrial Board affirmed without costs.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Ordered accordingly.