In the Matter of the Claim of LIONEL J. GORDON, Appellant, against GORDON & HYMAN et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the claimant from a decision of the Workmen's Compensation Board disallowing his claim. The claimant was employed as an investigator by the employer, a law firm in which his father is a partner. At 10:45 P.M. on the night of May 9, 1958 he was injured in an automobile accident on the Thruway. He testified that he had been on his way to see a client of the law firm, one Kagel, to get information concerning the making of a will. The accident occurred about four miles from Kagel's home. A partner of the law firm testified that the claimant had been on his way to such an appointment and Kagel stated he was expecting someone from the firm who never arrived. A Mrs. Peaco was in the car at the time of the accident and the claimant's explanation of this was that as he was leaving the employer's office in Williamsburg at 7:30 P.M. she had come in concerning a small negligence case which the office was handling for her. She insisted on talking to someone and he agreed to talk to her on the way to his appointment in Westchester. The claimant, who lived in North Bronx, agreed to return her to her home in lower Manhattan or wherever she wanted to go after his appointment. After leaving the office they drove to a restaurant in Manhattan and from there they proceeded toward Westchester until the accident happened. Mrs. Peaco corroborated this stating that she went along not having any idea how long it would take. The Referee found that the accident happened in the course of the claimant's employment and made an award. On review the board reversed and disallowed the claim finding the testimony as to the presence of Mrs. Peaco incredible and that the reasonable inferences indicated that the claimant had no appointment but rather was on purely personal business. The board has the power to accept or reject testimony and it has seen fit to find the testimony in this record incredible. It was within the board's province to reject the claimant's testimony as to the alleged business appointment. *Matter of Daus* v. *Gunderman & Sons* (283 N. Y. 459) where the board rejected the testimony of the claimant and a prospective customer finding it inherently improbable is squarely in point here. As was pointed out there, the board is not bound as a matter of law to accept the testimony presented by the claimant and his witnesses. Decision unanimously affirmed, without costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.