■ In the Matter of the Claim of ELIZABETH E. WINTERS, Appellant, v. VALLEY FARM FOOD SALES et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board disallowing a claim for death benefits. Respondent employer was engaged in the manufacture of dehydrated potato flakes in connection with which it

maintained a business office in Wayland, New York and a processing plant in nearby Perkinsville. In November, 1959 it employed deceased, a chemist and an experienced business executive, as a consultant at a salary of $9,000 per year. His responsibilities were in technical and administrative fields. In December of the same year he was made manager of the manufacturing plant on a temporary basis with no increase in salary. Deceased continued to reside in Rochester distant about 35 miles from his place of employment. Daily during the work week he drove to and from the employ in a personally owned automobile for the cost of whose operation he received no expense allowance from the employer. Deceased with the knowledge of the employer, although not at its direction, frequently carried to his home corporate papers and records upon which he worked during the evening hours. On occasions he requested his wife, a trained dietitian, to test out the manufactured product at home and sometimes also made afterhours telephonic and personal contacts with customers of the employer in the Rochester area. Shortly before 6:00 p.m. on January 6, 1960 as he was returning to his home on Route 15A, deceased was killed when his car collided with a stalled truck about 10 miles from Wayland. There is testimony that when he left the plant he had in his possession a brief case containing papers of his employer. It also appears that on January 6 deceased was requested by the general manager of the corporation to pick up plane tickets at the Rochester airport reserved for separate trips which they intended to make to the New York City area on company business in the late afternoon of January 7. The airport and the residence of deceased were located at opposite ends of Elmwood Avenue about equidistant from intersecting Route 15A. The board found that the death did not arise out of or in the course of employment. It is not disputed that to get to his home deceased would have made the fatal journey. Appellant contends that concurrent causes which are claimed to have transformed it into a "dual purpose" trip and rendered the death compensable also motivated him to undertake it. An intention to work at home in furtherance of his employer's interests and contemplated compliance enroute thereto with the request of his superior are ascribed as the additional reasons for the travel. There is no direct proof that deceased was so purposed at the moment of his injury. Although another trier of the facts might have been impelled to draw the inferences contended for, the board was not bound to do so. Substantial evidence supports its finding that the homebound trip was personally inspired. (*Matter of Marks* v. *Gray*, 251 N. Y. 90; *Matter of Davis* v. *Newsweek Mag.*, 305 N. Y. 20; *Matter of Glickman* v. *Greater N. Y. Taxpayers*, 305 N. Y. 431; *Matter of Benjamin* v. *Kaplan Elec. Co.*, 8 A D 2d 239, affd. 9 N Y 2d 801; 1 Larson, Workmen's Compensation Law, §§ 18:21, 18:31.) In the circumstances presented the statutory presumption (Workmen's Compensation Law, § 21, subd. 1) sought to be invoked by appellant in aid of her claim is unavailing. (*Matter of McCormack* v. *National City Bank*, 303 N. Y. 5, 11; *Matter of Daus* v. *Gunderman & Sons*, 283 N. Y. 459.) Decision unanimously affirmed, without costs. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.