Here decedent left a will dividing his property equally between appellant and respondent. We believe that to undo this testamentary scheme the evidence must be more probative than present in the instant record. (See *Matter of Creekmore,* 1 N Y 2d 284, 295; *Matter of Bolin,* 136 N. Y. 177). Decree reversed and the case remitted for action not inconsistent herewith, with costs. Bergan, P. J., Coon, Gibson, Reynolds and Taylor, JJ., concur.

In the Matter of the CITY OF NEW YORK et al., Petitioners, v. PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK et al., Respondents.— Motion for stay denied without prejudice to its renewal if for any reason attributable to the respondents the proceeding is not argued at the September 1962 Term. Rule VII of the rules of this court should be utilized in the preparation of record and briefs. Order of Special Term denying stay, affirmed, without costs. Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ., concur.

In the Matter of GAYTON MILLEFIORE, Appellant, v. U. S. CASUALTY Co. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by claimant from a decision of the Workmen's Compensation Board, one member dissenting, affirming the decision of a Referee which disallowed his claim predicated upon an alleged industrial accident. In its decision the board noted that at the time of his injury claimant was in the employ of his father and that claimant and his mother, who kept the books of the employer, were the only witnesses who testified in support of the claim. Adverting to the superior opportunity of the Referee to appraise their veracity, the board upon review adopted the evaluation implicit in his finding that the accident did not arise out of and in the course of employment and in effect also rejected their testimony. What we said in two recent decisions is apposite here: "The question of credibility is strictly within the province of the board and it was not bound as a matter of law to accept the testimony of claimant and his employer. The rejection of this evidence denuded the record of proof connecting the accident with the employment. (*Matter of Daus* v. *Gunderman & Sons,* 283 N. Y. 459; *Matter of Gordon* v. *Gordon & Hyman,* 11 A D 2d 833, motion for leave to appeal denied 8 N Y 2d 710; *Matter of Brenner* v. *Utilities Laundry,* 14 A D 2d 626.) " (*Matter of Manolakis* v. *Edison S. S. Corp.,* 15 A D 2d 845–846; *Matter of Van De Walker* v. *Syracuse Bowling Center,* 16 A D 2d 728.) Decision unanimously affirmed, without costs. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.

## (June 22, 1962)

In decision Nos. 1–11: Present — Coon, J. P., Gibson, Herlihy, Reynolds and Taylor, JJ.

(A) In the Matter of the Claim of BERT KUPPERMAN, Appellant, v. VISUAL ELECTRONICS CORPORATION et al., Respondent. (B) In the Matter of the Claim of MICHAEL LYNCH, Respondent, v. JOSEPH GELB COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent. (C) In the Matter of the Claim of MARY WILLIAMS, Respondent, v. WALLACE S. KARUTZ, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent. (D) In the Matter of the Claim of DOROTHY CLARK, Appellant, v. BROWN & BIGELOW, INC., Respondent. (E) In the Matter of the Claim of DOMINICK MICELI, Respondent, v. TRACY-SMITH Co., INC., et al., Appellants, and CENTRAL RIGGING & CONTRACTING CORPORATION, et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— [In each action] Motions to dismiss appeals granted by default, without costs.