■ In the Matter of the Claim of JOSEPHINE MACARI, Appellant, v. N. Y. MID-HUDSON TRANS-CORP. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by claimant from a nonunanimous decision of the Workmen's Compensation Board denying death benefits to the widow and minor children of a deceased employee. Decedent was employed as a truck driver and freight handler in the employer's trucking terminal in New York City. His workday which began at 3:00 A.M. approximated the time when the trucks owned by his employer bringing cargoes from upstate New York reached the terminal; upon arrival the drivers of these vehicles unlocked and opened the doors of the dock upon which decedent's immediate unloading work was to be performed; until then he had no access to the terminal and no duties to fulfill in connection with his employment. According to the testimony of a fellow employee decedent customarily arrived at the terminal earlier than the prescribed hour and awaited its opening in a car parked in a nearby open space leased to the employer. At times he spent the interval in sleep. At about 2:55 A.M. on July 15, 1960 decedent's corpse was found in the driver's seat of his wife's motor vehicle which had been parked in its usual place. He had been murdered by an unknown and unapprehended assailant; a detective estimated the time of the fatal attack which was unwitnessed to have been between 2:30 A.M. and 2:45 A.M. His investigation of the homicide revealed that deceased had worked until midnight for another employer and had left its premises with an unidentified person who accompanied him to Sheridan Square; except for a call made at a bar and grill between 1:30 A.M. and 2:00 A.M. his activities were not thereafter traceable. In the course of the official inquiry it was disclosed also that the deceased was deeply indebted to "loan sharks" and was fearful of his safety. In reversing the Referee a majority of the board found that an accidental injury arising out of and in the course of employment was not established. There is substantial evidence to sustain these findings. (*Matter of Heitz* v. *Ruppert,* 218 N. Y. 148, motion for reargument denied 218 N. Y. 702; *Matter of Scholtazhauer* v. *C. & L. Lunch Co.,* 233 N. Y. 12.) In the circumstances presented the presumption created by the statute (Workmen's Compensation Law, § 21) was unavailing. (*Matter of Daus* v. *Gunderman & Sons,* 283 N. Y. 459; *Matter of McCormack* v. *National City Bank,* 303 N. Y. 5.) Our decision in *Matter of Toro* v. *1700 First Ave. Corp.* (16 A D 2d 852, affd. 12 N Y 2d 1001) relied on by appellant

is factually distinguishable. Decision of the Workmen's Compensation Board unanimously affirmed, without costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Taylor, JJ.