■ In the Matter of the Claim of MARION S. WOODWORTH, Respondent, v. COUNTY OF ONONDAGA — SHERIFF'S DEPARTMENT, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— A self-insured employer appeals from a decision and award of death benefits to the widow of deceased on the ground that there is no substantial evidence upon which the board can find that death resulted from an accidental injury arising out of and in the course of employment. Upon a prior appeal (18 A D 2d 729) we reversed an award because of the inadequacy of the finding upon which it was based and remitted the claim to the board for the formulation of a decision which would permit of an intelligent review. (Workmen's Compensation Law, § 23.) The board has found upon remittal "that decedent on August 3, 1960 helped push the stretcher carrying the accident victim and assisted in the lifting of the stretcher upon the road and into the ambulance; that such activity involved unusual physical exertion and coupled with the excitement that may be reasonably inferred was present at the accident scene, produced the heart attack and death." The proof supporting the board's findings involved the credibility of two ambulance attendants and a fellow Deputy Sheriff, the testimony of all of whom was at variance with written statements which they had subscribed soon after the event. The resolution of this issue was exclusively within the province of the board. (*Matter of Manolakis* v. *Edison S. S. Corp.*, 15 A D 2d 845; *Matter of Van De Walker* v. *Syracuse Bowling Center*, 16 A D 2d 728; *Matter of Brecher* v. *Bigger Press*, 18 A D 2d 739; *Matter of Daus* v. *Gunderman & Sons*, 283 N. Y. 459.) We may not say as a matter of law that it was not justified in according verity to the versions contained in their original writings which would in our view provide substantial evidentiary support for the finding that deceased undertook employment activity of sufficient physicial strenuousness to reqiure more than normal exertion and thus satisfy the test prescribed in the authoritative cases. (*Matter of Masse* v. *Robinson Co.*, 301 N. Y. 34; *Matter of Burris* v. *Lewis*, 2 N Y 2d 323.) Since we have concluded that the requirement of excessive strain has been met without recourse to the added factor of unusual emotional stress found by the board — which as we indicated in our prior decision is not sustained by the record — further remittal would serve no useful purpose. There is the usual conflict in the medical expert opinion evidence as to causality the choice of which lay within the fact-finding power of the board. (*Matter of Palermo* v. *Gallucci & Sons*, 5 N Y 2d 529.) Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, J. P., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.