■ In the Matter of the Claim of OLGA SINDONE, Appellant, v. LA SALA BROS. INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— TAYLOR, J. Claimant appeals from a decision of the Workmen's Compensation Board disallowing her claim for death benefits upon the finding that her asserted status as the dependent surviving spouse of the deceased workman was not satisfactorily established. The right to compensation is founded on the contention that claimant and decedent contracted a valid common-law marriage during a week-end trip to Washington, D. C., in 1955. There was evidence of their mutual agreement *per verba de praesenti* to be husband and wife consummated by cohabitation (see *United States Fid. & Guar. Co.* v. *Britton,* 269 F. 2d 249, 251), the subsequent acknowledgment of the marital relationship by decedent and other conduct on his part consistent with the existence of the marriage. There was also proof of acts and declarations of claimant in the interval between the alleged marriage and decedent's death which could be deemed to be more in harmony with her status as the widow of one Wunderlich than that of the wife of decedent and thus to give rise to the inference that the marriage was not, in fact, contracted. The issue whether a common-law marriage existed at the time of the death was factual and, of course, within the sole and exclusive competence of the board to resolve. Since we cannot say on the record, considered as a whole, that the evidence which the board chose to accept lacked substantiality, the limited scope of our power of review leaves us no alternative but to affirm its determination. (*Matter of Daus* v. *Gunderman & Sons,* 283 N. Y. 459; *Matter of Palermo* v. *Gallucci & Sons,* 5 N Y 2d 529, 533.) Decision affirmed, without costs. Herlihy, J. P., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.