■ In the Matter of the Claim of HARRY L. STRATTON, Appellant, v. ARTHUR MORIANO, Doing Business as VALLEY SUPREME MARKET, et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Appeal by claimant from a decision of the Workmen's Compensation Board which reversed a Referee's decision awarding double compensation pursuant to section 14-a of the Workmen's Compensation Law to claimant, a minor under 18 years of age, found by the Referee to have been illegally employed, in violation of the Rules of the Board of Standards and Appeals, on a meat grinding machine not properly guarded at the point of operation. The board found "that the preponderance of the credible evidence establishes that at the time of the accidental injury there was a proper guard on the meat grinding machine; that the accidental injury occurred when claimant inserted his hand under the guard and that therefore there was no illegal employment." A senior factory inspector of the New York State Department of Labor, following the reception in evidence of a written report adverse to the employer, testified at length pursuant to subpœna by claimant and on cross-examination, when exhibited the hopper guard of the grinding machine, said that if it was on the machine at the time of the accident it met the requirements of the Labor Department. He further testified that the accident would not have occurred had claimant used the wooden plunger or pusher supplied to be used in pushing meat into the machine, and, further, that claimant had stated that in order to retrieve a piece of meat which had become lodged in the hopper he reached for it *under* the hopper guard and was injured. From testimony adduced by the employer, the board was warranted in finding that the guard was in place at the time of the accident and the testimony of claimant and a coemployee that it was not then in place and in fact was never used, was discredited, or so the board could and did find, not only by the inspector's testimony above quoted but, in addition, by production of the guard and of proof that it had been broken by blows with a meat cleaver in an unsuccessful attempt to free claimant's hand, and, finally, by the coemployee's testimony that his previous statements were completely false. The rule that questions of credibility are for the board is too well known to require discussion. Decision affirmed, with costs. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gibson, P. J.