■ In the Matter of the Claim of HENRY M. YOUNG, Respondent, v HENRY M. YOUNG, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed November 27, 1974, which held that claimant sustained an accidental injury arising out of and in the course of his employment. Claimant was the president and his wife the secretary of a two-employee corporation. Claimant was required to go to Europe once or twice a year to visit his manufacturers. Prior to a May, 1972 business trip, claimant had

written for and secured reservations at the Park Sanatorium, a resort in southern Germany. After concluding his business in Nuremberg, on Friday, May 12, claimant was a houseguest of one of his friends in Bavaria. On May 14, claimant rented a car and drove to Berchtesgaden, a resort area, where he spent the night. The next day claimant continued his trip to the Park Sanatorium in Meersburg, Germany, where he had a reservation beginning May 15. While en route he was injured in an automobile accident. On June 28, 1972, claimant's wife filed a claim on his behalf for disability benefits with the State of New York, which claim was rejected on the ground that the application indicated that the disability arose out of and in the course of his employment. Claimant then requested a review of his rejection and in support thereof submitted a statement: "Referring to item 9 on the reverse side, I would like to clarify the statement made on the claim form. Due to my injury, I was unable to write. Mrs. Young filled out the claim form, signed it and mailed it without showing it to me. Please note that my accident did not occur during any business activity. Quite to the contrary, I had finished all business on Friday May 12th. On Saturday, May 13th, 1972 I was a house guest of one of my friends in Bavaria, West Germany. On Sunday, May 14th at about 10 AM, I rented a car in Nuernberg and drove to Berchtesgaden which is a foremost resort. I spent the night at the Hotel zur Post in Berchtesgaden. The next morning, Monday May 15th I started out to continue my vacation trip. My ultimate destination was the Park Sanatorium located in Southern Germany in the Town of Meersburg, address— P.O. Box 57, 7758 Meersburg, West Germany (Director Spehl). I had a reservation there starting May 15th or 16th and intended to stay for a week to 10 days before returning home to New York." Thereafter and on February 16, 1973 claimant filed a claim for workmen's compensation in which he stated he was injured while traveling. During his workmen's compensation hearing in November of 1973, claimant testified that the statement referred to above was a misunderstanding. The referee concluded that the injury did not arise out of and in the course of claimant's employment and disallowed the claim. On appeal, the board, by split decision, reversed the referee and found that claimant was required to travel on business to a distant place, that he was engaged in reasonable activity and that, under the circumstances, his employee status continued during the entire trip. This appeal ensued, with the sole issue being whether the board's findings are supported by substantial evidence. The courts are bound by the Workmen's Compensation Board's findings of fact which, including the ultimate fact of "arising out of and in the course of", must stand unless erroneous in law and regardless of whether conflicting evidence is available (Workmen's Compensation Law, § 23). Whether the claimant had finished his trip and commenced a vacation from which he intended to return directly home to New York, or whether the vacation was an interruption of his work schedule, was a matter of fact finding for the board, but under the circumstances of this case, it makes no difference which view was accepted. When the employment takes the employee far from home and excursions to nearby places are available and expected, then the employment itself exposes the employee to risk, and an accident under such circumstances is compensable (*Matter of Markoholz v General Elec. Co.*, 13 NY2d 163; *Matter of Scott v U. S. O. Camp Shows*, 298 NY 896). In *Matter of Markoholz (supra)*, as in *Matter of Scott (supra)*, claimant was on his way back from a vacation trip, while in the instant case the claimant was on his way to a vacation spa. In circumstances such as the instant case, we make no distinction whether the accident happens on the way to or from the vacation spa. In *Matter of Lewis*

*v Knappen Tippetts Abbett Eng. Co.* (304 NY 461), the argument was advanced that the journey on which the claimant was killed was a "voluntary one unrelated to the employment and undertaken by decedent for his own pleasure" (p 466). Essentially, the same argument is advanced here. The Court of Appeals in rejecting this argument, said "the courts have been most reluctant to come to such a conclusion * * * in situations where the employment is far from home, the employee has no fixed hours, excursions to nearby places of interest are available and expected, and where the employment itself exposes claimant, generally, to the risk" (pp 466–467). Whether another trier of the facts would have come to a different conclusion is immaterial in this decision. The question before us is whether there is substantial evidence to support the board's determination. We conclude in the affirmative and further find that the determination was not erroneous as a matter of law. Decision affirmed, with costs to respondents filing briefs against the employer and its insurance carrier. Greenblott, J. P., Sweeney, Main, Larkin and Herlihy, JJ., concur.