■　　In the Matter of the Claim of Annie Williams, Respondent, v Duplex Metal Corp. et al., Appellants. Workmen's Compensation Board, Respondent.—Appeal from decisions of the Workmen's Compensation Board, filed March 5, 1976 and November 24, 1976, which found that the decedent's death by murder arose out of and in the course of his employment, and awarded death benefits to his widow and two minor children. Decedent, Gregg Williams, was the president of the employer corporation which had its place of business in the Bedford-Stuyvesant area in Brooklyn, where it engaged in the business of the purchase and sale of scrap metal. As president of the corporation decedent was both an inside and outside employee and would purchase scrap metal at the business premises as well as at various other locations, to which he was required to travel, and also required him to have large amounts of cash on the business premises and on his person. Prior to decedent's death there were a number of attempted robberies and burglaries at the employer's business premises, and certain of its employees had been shot during such attempts. Decedent found it necessary to take home the daily cash receipts left at the end of each business day, his home being in the same general vicinity of the business premises. Decedent had a permit to carry a gun for the express purpose of safeguarding the daily cash receipts of the business. On April 2, 1974 decedent was shot and killed in the driveway of his home as he was about to drive to a hospital to bring workmen's compensation claim forms to another employee of the firm before proceeding to the employer's place of business. This coemployee of the decedent testified that he himself had been shot on the employer's premises in a hold-up attempt and was filing a claim for workmen's compensation for his injuries. The record also discloses that, following an investigation of decedent's murder, the police concluded that the motive for the crime was robbery. The board found that the decedent had been singled out for robbery because of the fact that in his work routine, he had on his person, coming to and from his place of business,

large sums of money and the result of such attempted robbery, because of his work, was his murder, which arose out of and in the course of his employment. The sole question presented on this appeal is whether there is substantial evidence to support the board's finding that decedent's death arose out of and in the course of his employment. We hold that there is. It is well settled that an assault is compensable "so long as there is any nexus, however slender, between the motivation for the assault and the employment" (*Matter of Seymour v Rivera Appliances Corp.*, 28 NY2d 406, 409). Such a nexus has been clearly established by evidence of the employer's business practices involving large amounts of cash on hand; the common knowledge of this fact in the surrounding neighborhood; the repeated attempts to burglarize the employer's premises; the incidents of wounding other employees during attempted robberies; the knowledge on the part of others that decedent was required to carry large sums of the employer's money on his person; and the hold-up and killing of the decedent on the day in question. Under the circumstances of this case, the risks attendant to employment were for the board to determine under its fact-finding power, and the fact that the assault occurred away from the employer's premises does not negate eligibility for benefits as a matter of law (*Matter of Notowitz v Rose Towel & Linen Supply Co.*, 36 AD2d 543, affd 29 NY2d 502). The facts established in *Matter of Malacarne v City of Yonkers* (41 NY2d 189), on which appellants rely, are clearly distinguishable from those in the instant case. In *Malacarne* the proof established that decedent performed his work only at a parking lot, that his work started the moment he arrived there and it always ended when he drove away from the parking lot. His job did not involve any travel to or from his place of employment. He was not required or permitted to take the proceeds or any other indicia of his employment with him when the day's work was done, and he followed the same rule on the date decedent was assaulted. Finally, at the time of the assault in *Malacarne* decedent had left his employment and had traveled a considerable distance for purely personal reasons totally unrelated to his employment. "The courts are bound by the Workmen's Compensation Board's findings of fact which, including the ultimate fact of 'arising out of and in the course of', must stand unless erroneous in law and regardless of whether conflicting evidence is available (Workmen's Compensation Law, § 23)" (*Matter of Young v Henry M. Young, Inc.*, 56 AD2d 941, 942). Since we conclude that there is substantial evidence to support the board's determination, and that the determination was not erroneous as a matter of law, the decisions should be affirmed. Decisions affirmed, with costs to the Workmen's Compensation Board. Koreman, P. J., Greenblott, Sweeney, Mikoll and Herlihy, JJ., concur.