■ In the Matter of the Claim of CARMAN NUDO, Respondent, v NUDO BROS. EQUIPMENT CORP. et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed May 6, 1977. Claimant, an officer of the employer-corporation, owned 96% of its stock. Prior to a heart attack which resulted in a permanent partial disability, the claimant worked both in the office and in the field. He contends that his salary was received from his laboring work and not from his position as a corporate executive. Claimant's testimony is that he did no work in the field after the accident and, although he spent some time at the corporate offices and answered questions regarding the business operation when required, he really did not work in that capacity either. Claimant was the beneficiary of a wage continuation plan which was available to employees who were stockholders. Accordingly, not all employees were eligible for that plan. Nevertheless, that agreement provided for the payment of salary "in the event of permanent disability or incapacity" suffered by claimant while acting as an employee as a result of a compensable injury which rendered the employee no longer able to perform the same services for the corporation which he performed before the onset of the disability. A divided board, in reversing the referee, found that claimant's appearances at the office "cannot be construed as performing sufficient services for the corporation to consider the $275 weekly monies paid to the claimant as earnings under the provisions of Section 15, subd. 5-a of the Law". That factual determination is the sole issue herein. Such a factual determination by the board, if supported by substantial evidence, must be affirmed. The

question on appeal is not whether this court would come to the same conclusion as the board, but whether there is testimony in the record which, if believed, provides the evidence necessary to support the board's determination. The testimony of the claimant was apparently believed by the majority of the board. Therefore, on such a limited right of review, we must affirm (Matter of Hawthorne v Peartrees, Inc., 56 AD2d 961, affd 43 NY2d 683; Matter of Young v Henry M. Young, Inc., 56 AD2d 941). Decision affirmed, with costs to the Workers' Compensation Board against the employer and its insurance carrier. Mahoney, P. J., Sweeney, Larkin, Mikoll and Herlihy, JJ., concur.