■ In the Matter of the Claim of SUSAN RUDOCK, Respondent, v ALBERT SNELL, Doing Business as RICE'S QUALITY MARKET, Appellant. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed May 20, 1982 and amended by decision filed July 26, 1982. The employer appeals an award holding him personally liable to the 17-year-old minor claimant for an award of double compensation because of a

violation of the rules of the Board of Standards and Appeals (Workers' Compensation Law, § 14-a). Claimant's right hand required amputation as the result of injuries sustained when it slipped into the moving blades or worm on an electric meat grinding machine while she was pushing meat through the grinder. The board held that "claimant was employed, permitted or suffered to work in violation of the applicable rules adopted by the Board of Standards and Appeals in that the machine she was using was not equipped with its guard and her fingers were able to come in contact with the cutting or feeding knives or worm". On this appeal, the employer contends that the award requires reversal because it failed to make findings of fact sufficient to support a conclusion that violations of the law and rules occurred. We disagree. The award specifically incorporated its previous July 20, 1981 decision and recited that the purpose of the hearing was to determine whether the meat grinder complied with 12 NYCRR 19.13. The findings, as above quoted, unequivocally state that the machine was used without its guard, enabling the injury to occur. 12 NYCRR 19.5 (b) and 19.24 (i) specifically prohibit use of a meat grinding machine without a guard in place. The evidence shows that the guard was not in place when claimant was injured. Therefore, the decision is both sufficient and supported by substantial evidence in the record. Nor are we persuaded by the employer's contention that the board applied an erroneous standard in assessing double liability. Whether a guard was available or not is of no consequence. Its finding that the guard was not in use at the time of injury, *ergo* the rules were violated, is controlling. The courts are bound by the board's findings of fact which must be upheld unless erroneous at law and regardless of whether conflicting evidence is available (*Matter of Williams v Duplex Metal Corp.*, 60 AD2d 741, 742; *Matter of Young v Henry M. Young, Inc.*, 56 AD2d 941, 942). The rules do not require that the employer knowingly violate the law (*Matter of Sackolwitz v Hamburg & Co.*, 295 NY 264; *Matter of Sicurella v Fedders Quigan Corp.*, 35 AD2d 1036), nor may the good-faith belief that an employer is in compliance with applicable rules avoid the consequences of section 14-a of the Workers' Compensation Law (*Matter of Robles v Mossgood Theatre-Saunders Realty*, 53 AD2d 972). The negligence of claimant and her alleged disobedience of the employer's rules against use of the machine without the guard are not a bar to her recovery of benefits (*Matter of Merchant v Pinkerton's Inc.*, 50 NY2d 492; *Matter of Sicurella v Fedders Quigan Corp., supra*). The employer's reliance upon *Matter of Stratton v Moriano* (29 AD2d 581) is misplaced, since in that case the guard was found to have been in place during operation of the machine, unlike the instant situation where the board found the contrary to exist. It is the actual use of a machine without a guard in place that is proscribed, not the availability of a provided guard. Finally, we reject the employer's attack upon the constitutionality of the rules. The rules were promulgated to prevent the operation of dangerous machinery without safety guards in place. The purpose is laudatory and the penalty for violation clearly delineated in the Workers' Compensation Law. Decisions affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.