■ In the Matter of the Claim of THERESA MASEK, Respondent, v ST. VINCENT'S MEDICAL CENTER et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed October 14, 1982. During his employment as a mental health technician at St. Vincent's Medical Center Psychiatric Department, claimant's deceased husband came in contact with Thomas McEnerey, a patient from March 12, 1976 to April 2, 1976, who was suffering from acute schizophrenia and poststatus pituitary tumor chromophobe adenoma. During this period, the patient threatened to get even with decedent, who had participated in enforcement of treatment programs and restraining patients. McEnerey was violent, threw chairs at the staff, and threatened to make a knife and kill them. Subsequently during decedent's employment at South Beach Psychiatric Center, he again came in contact with McEnerey who was a patient at that facility. After release from mental institutions, McEnerey, who lived about two blocks from decedent, commenced harassing both decedent and his family by throwing stones at them, stopping decedent's vehicle and pounding on the windows and trunk. On April 17, 1979, McEnerey killed decedent on a public street by stabbing him five times with a hunting knife. The board affirmed the decision of the administrative law judge holding that the death arose out of and in the course of decedent's employment. The employer and its insurance carrier have appealed. Our review is limited to whether there is substantial evidence in the record as a whole to support the determination (*Matter of Holcomb v Daily News*, 45 NY2d 602, 607; *Matter of Pell v Board of Educ.*, 34 NY2d 222, 230-231). An examination of the record reveals that this test has been satisfied. The statute required that a death or injury must be one "arising out of and in the course of the employment" in order to be compensable (Workers' Compensation Law, § 10). Despite the statutory presumption that "in the absence of

substantial evidence to the contrary * * * the claim comes within the provision of this chapter" (Workers' Compensation Law, § 21, subd 1), it is well established that a claimant is not totally relieved of "the burden of showing that an accident arose out of the employment" (see *Matter of Seymour v Rivera Appliances Corp.,* 28 NY2d 406; *Matter of Daus v Gunderman & Sons,* 283 NY 459, 465). Absent such proof, an award is unsubstantiated under the law and cannot be sustained. To arise out of a worker's employment, the proof must show that the event culminating in death or injury originated incident to the victim's work duties. The evidence in this record unequivocally shows that the assailant, while being subdued after a violent episode, threatened to kill decedent. The first part of the test has been met. Part two of the test is more difficult because of the lapse of about three years between the original threat and the slaying, giving rise to the question of whether the attack occurred in the course of the employment. In *Matter of Field v Charmette Knitted Fabric Co.* (245 NY 139), Chief Justice Cardozo wrote, "[c]ontinuity of cause has been so combined with contiguity in time and space that the quarrel from origin to ending must be taken to be one" (*id.,* at p 142). Examination of the evidence shows that following the initial threat, the assailant on several occasions openly harassed decedent and his family, and repeated his threat to kill him. Since the attack did not occur on or near the employer's premises, the employer and carrier urge that decedent was pursuing his own private interests on his own time away from the job site and, therefore, was not in the course of his employment (see *Matter of Wilson v General Motors Corp.,* 298 NY 468). We disagree. An award of compensation may be sustained so long as there is any nexus, however slender, between the motivation for the assault and the employment (*Matter of Seymour v Rivera Appliances Corp.,* 28 NY2d 406, 409, *supra*). *Matter of Malacarne v City of Yonkers Parking Auth.* (41 NY2d 189), relied upon by the employer and carrier, is readily distinguishable. There, the court found that the evidence proffered to support the claim "so challenged credulity that it did not meet the substantial evidence test" (*id.,* at p 193). The court further held that if there had been substantial evidence rather than mere conjecture to support a finding that the robbery had begun at the place of employment and was consummated elsewhere, the board might have been entitled to consider whether the event and subsequent shooting were but two parts of the whole (*id.,* at p 196) Here, the innuendo in the brief of the employer and its carrier that the attack occurred in a bar and was the result of causes unrelated to the employment is wholly without evidentiary support in the record and merits no consideration. In our view, substantial evidence and not mere conjecture supports a finding that the fatal assault herein had its genesis at the place of employment only to be tragically consummated later. The courts are bound by the board's findings of fact which, including the ultimate fact of "arising out of and in the course of employment", must stand unless erroneous in law and regardless of whether conflicting evidence is available (*Matter of Williams v Duplex Metal Corp.,* 60 AD2d 741, 742; *Matter of Young v Henry M. Young, Inc.,* 56 AD2d 941, 942). Under the circumstances of this case, we find the board's determination to be fully supported by substantial evidence requiring our affirmance. Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.