■ In the Matter of the Claim of DIANE KOERNER, Respondent, v ORANGETOWN POLICE DEPARTMENT et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Weiss, J. Appeal from an amended decision of the Workers' Compensation Board, filed July 13, 1984, which held that the injuries to claimant's decedent arose out of and in the course of employment, and awarded benefits.

The instant claim arises out of the fatal shooting of claimant's husband, a 34-year-old policeman. Claimant testified that she discovered decedent's .38-caliber Colt revolver in one of the children's bedrooms, which she retrieved in order to show decedent, who was sleeping in the master bedroom. Upon entering that room, claimant tripped over a pillow and the

gun accidentally discharged, killing her husband. Claimant indicated that decedent generally stored the weapon in a wooden box kept in the closet, or simply in a dresser drawer or on a nightstand. Sergeant Roy Holmes of the Orangetown Police Department testified that all patrolmen were required to carry a sidearm in an inconspicuous manner during off-duty hours, but that no set procedure as to safekeeping was prescribed. The .38-caliber Colt revolver had originally been issued to decedent, but at the time of this incident, a .357-caliber Magnum constituted his official on-duty weapon. It was accepted practice for patrolmen to carry a .38-caliber revolver off duty since it was easier to conceal. The Workers' Compensation Board held that "the employer's requirement that decedent keep a firearm in his possession while off duty constitutes a hazard of the employment * * * [and that decedent's] death due to [the] accidental discharge of the gun arose out of and in the course of employment."

The employer and its insurance carrier contend, as a matter of law, that decedent's injury did not occur in the course of his employment since he was off duty, at home and asleep when the accident occurred. To invoke the benefits of the Workers' Compensation Law, there must be a nexus, however slender, between the accident and the employment (Matter of Seymour v Rivera Appliances Corp., 28 NY2d 406, 409). The employer and the carrier contend that the mere obligation to carry a weapon off duty does not, of itself, provide a sufficient nexus; and that all the remaining elements of the shooting were not employment related.

We recognize that policemen are not entitled to automatic statutory protection simply because they are subject to 24-hour duty (Matter of De Jesus v New York State Police, 95 AD2d 454). Nor, in a literal sense, might decedent be deemed actively engaged in police work at the time of the shooting. However, the test is not whether the injury occurred in the course of employment, but whether it arose in the course of employment (Matter of Malacarne v City of Yonkers Parking Auth., 41 NY2d 189, 198 [Wachtler, J., dissenting]; see also, 1A Larson, Workmen's Compensation § 29.10). By virtue of his employment, decedent was required to carry a firearm at all times, an obligation necessitating retention of a hazardous instrumentality in his own home. Given this unique obligation, and the obvious attendant dangers, the Board could readily determine that decedent's fatal shooting had its genesis in his employment duties (see, Matter of Masek v St. Vincent's Med. Center, 97 AD2d 580, 581). The Board's assess-

ment of the ultimate fact of "arising out of and in the course of employment" (Workers' Compensation Law § 10) is controlling upon judicial review unless erroneous in law and regardless of the existence of conflicting evidence *(Matter of Masek v St. Vincent's Med. Center, supra,* p 581). In our view, the Board's determination is supported by substantial evidence and should be affirmed.

Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.